**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **IN RE:** | **FINNY GEORGE,** | : | **Chapter 13** |
| | | : | |
| | **Debtor.** | : | **Bky.  No. 18-17927 ELF** |
| | | : | |
| | | : | |

# M E M O R A N D U M

## I.  INTRODUCTION

In this chapter 13 case, Origen Capital Investments II, LLC ("Origen") filed an amended

proof of claim on January 29, 2019 ("the Proof of Claim") in which it asserts that it holds a

general unsecured claim of $50,529.18 ("the Claim").  The Claim is based on a personal

guaranty ("the Guaranty") signed by Debtor, Finny George ("the Debtor").

The Debtor filed an objection to the Proof of Claim ("the Objection") (Doc. # 16) on

February 28, 2019, raising several theories for total or partial disallowance of the claim:

- expiration of the statute of limitations;

- the Proof of Claim is not prima facie valid under Fed. R. Bankr. P. 3002(f);

- the Debtor did not personally guarantee this debt; and

- the Debtor owes less than the amount claimed because the  itemization of interest
and charges in the Proof of Claim  is erroneous.

At the April 9, 2019 hearing on the Objection, the parties requested that the hearing be

bifurcated and that the court first decide the statute of limitations issue.  I agreed to do so.

The Debtor alleges that the Guaranty does not give rise to an allowable claim because the

statute of limitations has expired.  Origen responds that the Guaranty was signed under seal, the

applicable statute of limitations is twenty (20) years and therefore, the Claim is enforceable

under Pennsylvania law and allowable in bankruptcy.

1

The parties filed simultaneous briefs and attached exhibits, (Doc. #'s 33, 34), and the issue is ready for decision.

For the reasons stated below, I find that the Debtor signed the Guaranty under seal, the statute of limitations has not expired and the debt is enforceable under Pennsylvania law. I will overrule the Debtor's statute of limitations objection to the Proof of Claim and schedule a hearing on the remaining grounds raised by the Debtor in the Objection.

## II.  STANDARD OF REVIEW

Bankruptcy courts typically employ a burden-shifting framework for claims objections. A properly filed proof of claim is prima facie valid. Fed. R. Bankr. P. 3001(f). If a claim is facially valid, the objector must bring forward evidence that undercuts at least one necessary element of the claim. In re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3d Cir. 1992). If the objector presents such "bubble-bursting" evidence, then both parties may present further evidence. The ultimate burden of proof rests on the claimant asserting a right to be paid from the bankruptcy estate. See, e.g., In re Whitfield, 578 B.R. 273, 278 & n.5 (Bankr. E.D. Pa. 2017).

Here, the Debtor does not appear to contest the prima facie validity of the Proof of Claim. Rather, the Debtor asserts that he has produced evidence that establishes the existence of an affirmative defense under Pennsylvania law. The question is whether the evidence suffices to prove that defense as a matter of law.[1]

---

[1]     At the April 9, 2019 hearing, the parties agreed that no formal evidentiary hearing was necessary. They have made a record for the court by way of factual averments in their briefs and exhibits attached to those briefs. The factual averments in the parties' briefs are consistent and the parties appear to agree that the exhibits attached to their submissions are admissible.

This typical analytic framework for deciding an objection to a proof of claim has been altered somewhat by the parties' agreement to bifurcate the hearing on the Objection and submit a record with undisputed facts..

In ruling on this bifurcated Objection, the applicable standard of review mirrors that employed in deciding a motion for summary judgment, because there do not appear to be any disputed issues of material fact..  See Fed. R. Civ. P. 56.  If the factual averments in the parties' briefs and exhibits are accepted and if there are no facts in dispute, the remaining question boils down to a legal question: has the statute of limitations on the Proof of Claim expired?

## III.  FACTS

In 2006, the Debtor was the principal of a business called Sheena Studios, Inc. ("Sheena Studios").  On December 15, 2006, Sheena Studios applied for a $22,000 line of credit with Citizens Bank of Pennsylvania ("Citizens Bank").  The application document, titled "Business Credit Application" ("the Application") required a signature on the credit application from the business entity.  The application also included a personal guaranty from the principal of the business, i.e., the Guaranty, with a signature line for the principal.

The Debtor signed the credit application section of the document as President of Sheena Studios.  The Debtor signed the Guaranty in his individual capacity.

The last sentence of the Guaranty, which was directly above the guarantor signature line, read:

> This Guaranty shall insure to the benefit of any subsequent holder of the Documents**, is intended to take effect as an instrument under seal** and shall be governed by the law of the state which governs the Documents.

(Origen Mem., Ex. A) (emphasis added).

3

On December 15, 2016,[2] Citizens Bank sent the Debtor two (2) additional documents:

(1) a Welcome Letter containing checks that could be written from the line of credit, thereby

manifesting acceptance of the proffered credit terms; and (2) a Business Credit Line Agreement

("the Agreement").  (Origen Mem.,  Exs. B, C).  The last line of the Agreement stated, "Seal.

This Agreement is made as an instrument under seal."  (Origen Ex. C, ¶35).  However the

Agreement did not have a signature line and was never signed.

Sheena Studios drew on the line of credit and subsequently, did not repay the debt in full.

On October 28, 2008, Citizen's Bank extended the maturity date of this loan to December

15, 2012.[3]  Thereafter, the debt remained unpaid.

On April 6, 2016, Citizen's Bank assigned the loan to Origen.  Origen then demanded full

payment of the outstanding indebtedness..

On May 31, 2017, Origen filed a civil complaint in the Court of Common Pleas,

Philadelphia County against the Debtor and Sheena Studios ("the State Court Action"). (Debtor's

Mem., Ex. A).  The parties were sent to court-annexed arbitration, which returned an award in

favor of Origen on May 2, 2018.  (Origen Mem. at 4) (unpaginated). The Debtor and Sheena

Studios appealed the award to the trial court, and a trial de novo was scheduled.  (Id.).  The

Debtor filed his bankruptcy case, staying the State Court Action, before the trial was held.

---

[2]      The Application and Welcome Letter are dated the same day.  The parties have not
explained how this occurred, but it does not appear to be material to their dispute.

[3]      The parties agree, and I concur, that the statute of limitations began to run on December
15, 2012.  See In re Mazik, 592 B.R. 604, 610 (Bankr. E.D. Pa. 2018) (statute of limitations begins to run
on demand for payment in full or contractual maturity date, whichever is earlier).

Origen also appears to suggest that the statute of limitations may have commenced
running in April 2011, about 18 months earlier , because it alleges the default occurred at that time.
(Origen's Mem. at 7) (unpaginated).  This potential argument works against Origen's legal position, but
the difference is irrelevant.  The precise date of the default does not affect the outcome.

## IV.  DISCUSSION

### A.  Instruments Under Seal in Pennsylvania – Background and General Principles

Upon objection by a party in interest, a bankruptcy court may disallow a claim if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. §502(b)(1).  The expiration of the statute of limitations is a common rationale for disallowing a claim under §502(b)(1).

The statute of limitations sets the deadline for commencing an action on a claim.  See  42 P.S. §5501(a); Sevast v. Kakouras, 915 A.2d 1147, 1153-54 (Pa. 2007).

42 Pa. C.S. §5525(a) provides a four (4) year statute of limitations for certain claims as follows::

> [T}he following actions and proceedings must be commenced within four years:
>
> [. . .]
>
> (7)  An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

Pennsylvania law also provides that "[n]otwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years."  42 Pa. C.S. §5529(b)(1).

These limitations periods create a two-tiered system for enforcing contracts.  "Standard" contracts, i.e., those not signed under seal, have a four (4) year limitations period.  "Instruments in writing" signed "under seal" have a twenty-year (20)  limitations period.

5

Under Pennsylvania law, a personal guaranty is an "instrument in writing." Osprey Portfolio, LLC v. Izett, 67 A.3d 749, 757 (Pa. 2013). A guaranty may be under seal even if the primary obligation is not. Osprey Portfolio, LLC v. Izett, 32 A.3d 793, 797 (Pa. Super. Ct. 2011).

Although sealing is a "vestige of the past," it is still legally effective to lengthen the statute of limitations. Twp. of Indiana v. Acquisitions & Mergers, Inc., 770 A.2d 364, 374 at n.13 (Pa. Cmwlth.Ct. 2001).

The common law of sealing was highly formalistic: a seal indicated an especially solemn contract, expressed by means of a "design embossed or stamped on paper to authenticate, confirm or attest" the signatory's intent to sign. Black's Law Dictionary, 1550 (10th ed. 1994). Seals under the common law were originally impressions in wax made by the signatory's personal signet ring. The solemnity of such a mark was clear: only the signatory possessed the ring, and the use of the ring made the signatory's intent to sign especially evident. Restatement (Second) of Contracts §91. Sealing with wax eventually fell out of favor, and now "any flourish or mark, however irregular or inconsiderable, will be a good seal, if so intended." Lorah ex. rel. Evans v. Nissley, 27 A. 242, 242 (Pa. 1893).

The use of pre-printed contracts changed the analysis: documents came to the signatory with a seal already applied. The relevant inquiry became whether the signatory intended to adopt the pre-printed seal as his, her or its own. See In re Hess' Estate, 24 A. 676, 677 (Pa. 1892).

Whether a signatory has adopted a pre-printed seal is a question of fact. See Swaney v. Georges Twp. Road District, 164 A. 336, 338 (Pa. 1932). Courts presume a signatory's intent to adopt a seal if the document bears an actual or textual seal next to the signature line. Beneficial Consumer Discount v. Dailey, 644 A.2d 789, 790 (Pa. Super. Ct. 1994) (document held signed

under seal when the word 'SEAL' was preprinted near signature line); accord Klein v. Reid, 422

A.2d 1143 (Pa. Super. Ct. 1980) (same); Collins v. Tracy Grill & Bar Corp., 19 A.2d 617, 620

(Pa. Super. Ct. 1941) (execution clause reading "[w]itness our hand and seal" showed intent to

sign under seal); In re Polkowski, 303 B.R. 585, 587 (Bankr. M.D. Pa. 2003) (same).


### B.  The Debtor Signed the Guaranty Under Seal

The parties agree that Origen did not commence the State Court Action within the four

(4) year limitations of 42 Pa. C.S. §5525, but did so within the twenty (20) year limitations

period for claims concerning contracts under seal provided by 42 Pa. C.S. §5529(b).

In support of his position that the contract was not signed under seal, the Debtor

emphasizes that there is no actual seal or words to that effect next to his signature on the

Guaranty.  He suggests that the text above the signature line stating that the Guaranty "is

intended to take effect as an instrument under seal" is insufficient to solemnify the document as

an instrument under seal.

When the parties briefed this issue, the Debtor's position was supported by a panel

decision of the Pennsylvania Superior Court, Driscoll v. Arena, 2018 Pa. Super. LEXIS 96 (Pa.

Super. Ct. 2018), in which the court found that a note was not signed under seal because the

document did not include a seal near the signature line, even though document included language

stating the borrower "intends this to be a sealed instrument and to be legally bound thereby."  Id.

at *8; accord In re Polkowski, 303 B.R. 585 (Bankr. M.D. Pa. 2003).  The panel decision was

subsequently withdrawn, and Driscoll was reheard en banc.

On June 17, 2019, (after the parties' briefs were filed in this case), the Superior Court

issued its en banc decision. Driscoll v. Arena, 2019 Pa. Super. LEXIS 603 (Pa. Super. 2019).

The en banc court held that the use of the word "seal" next to the signature line is not required and that the unambiguous text of a document suffices to render the document a sealed instrument.  The court found the phrase that the borrower "intends this to be a sealed instrument" (language almost identical to that in the Guaranty in this case) to be an unambiguous expression of the parties' intention that the document be a sealed instrument.  Id. at *14.

In reaching its decision, the Driscoll en banc court observed that no prior reported decision explicitly held that the parties' intention to "seal" a document requires the placement of a mark at the signature line.  Given the lack of binding authority, the court invoked two (2) contract principles: (1) if the text of a contract is clear and unequivocal, its meaning should be determined by its contents alone; and (2) a court should interpret a contract to give effect to all of its provisions.  Id. at *11-13.  Applying these principles, the court held that the document at issue was a sealed instrument.[4]

As a federal court applying state law, my task is to predict how the Pennsylvania Supreme Court would resolve this issue. When the Pennsylvania Supreme Court has not provided guidance, a federal court must examine the decisional law of the Pennsylvania intermediate courts and the decisions of federal courts and other jurisdictions. See, e.g., Lupu v. Loan City, LLC, 903 F.3d 382, 389 (3d Cir. 2018);  Buczek v. Continental Cas. Ins. Co., 378 F.3d 284, 288 n.2 (3d Cir. 2004.

Here, I find the Superior Court's en banc decision in Driscoll well-reasoned.  I predict that the Pennsylvania Supreme Court will follow the Superior Court's holding in Driscoll holding regarding the requirements for rendering a document a sealed instrument.

---

[4]      The trial court in Driscoll held that the document was not a sealed instrument.  In reversing that decision, the en banc Superior Court also found procedural errors in the trial court's ruling. I read the appellate decision as employing alternative holdings for its ruling.  In other words, I do not perceive the court's "documents under seal" analysis as dictum.

8

Applying <u>Driscoll</u> in this contested matter is straightforward.

The Guaranty states directly above the guarantor's signature line that it "is intended to take effect as an instrument under seal."  This is an unambiguous expression of the parties' intent.  I therefore conclude that the Guaranty is a sealed instrument.  As such it is subject to Pennsylvania's twenty (20) year limitations period. The parties agree that the statute of limitations began to run on December 15, 2012, the maturity date of the debt.  The State Court Action was filed May 31, 2017 well within the applicable limitations period.[5]

---

[5]    I add this footnote only to point out that the reported decisions, which generally focus on the degree to which strict formalism should determine whether a document is treated as an instrument under seal, rarely address the more fundamental policy issues involved in these disputes.  How strong is the public policy underlying the imposition of a statutory deadline for initiating legal actions to enforce contracts? Should private parties have the power to supersede that legislative determination by agreements?  If private parties should have that power, exactly what formal requirements should be required to exercise that power?  <u>See generally</u> Eric Mills Holmes, <u>Stature and Status of a Promise Under Seal as a Legal Formality</u>, 29 Willamette L. Rev. 617, 639–44 (1993) (listing jurisdictions which never adopted or abolished the distinctions between sealed and unsealed contracts).

Presently, Pennsylvania continues to recognize the distinction between sealed and unsealed contracts, thereby permitting the parties, by agreement, to substantially extend the limitations period for enforcing a contract after a breach.  The <u>Driscoll</u> en banc decision treats the concept of "sealing" a contract as another garden-variety contractual provision that merely affects the remedies of a party seeking to enforce the contract after a breach.  In this Memorandum, I have suggested that I expect the Pennsylvania Supreme Court will adopt this modern approach to the subject.

However, left undiscussed in <u>Driscoll</u>, is whether the use of the word "seal," even if unequivocally stated in the body of the contract, is commonly understood by parties signing contracts as expressing their consent to extend the limitations period by as much as sixteen (16) years.  If not understood as a knowing consent,, how is there a legitimate mutual intention to opt-out of the "default" limitations period set by statute? If the Pennsylvania Legislature maintains the policy that parties should be able extend the limitations period by agreement, perhaps it should consider requiring that the parties' express their consent  to extend the limitation period in a more comprehensible way in plain English  -- e.g., by requiring the use of words that reference the deadline for filing a legal action after a default; or by requiring the use of words that expressly indicate the parties' agreement  to the extend the deadline for filing legal actions --  rather than through affixing a "seal" to a document or using the opaque word "seal" in the body of the document or next to a signature.

## V.  CONCLUSION

For the reasons stated above, the Objection on the ground that the statute limitations

period has expired will be overruled.

**Date: July 18, 2019**

_____

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**