**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE                                    *
FINNY GEORGE                             * Bankruptcy No. 18-17927

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 2**

A.   Facts

Debtor, as president of Sheena Studios, Inc., applied for a loan from Lender on December 15, 2006.  The Lender and Sheena Studios agreed in October, 2008 to extend the term and conditions of the loan with a new maturity date of December 15, 2012.  No payments have been made by Debtor to Lender since the maturity date.  A lawsuit was filed May 31, 2017, more than four years since the maturity date and last payment on this loan.

Debtor testified at trial that he applied for this business loan because he received a telephone call from Citizens Bank.  When he visited the branch, he stated, on more than one occasion, that he did not want to personally guarantee this loan.

At trial, Debtor submitted the Welcome letter (Debtor 1), the extension of time letter (Debtor 2) and the Default letter (Debtor 3).  All are addressed to Sheena Studios, not the Debtor.

Also at trial, Debtor testified that he did not sign the Personal Guaranty section of the Business Credit

Application (Debtor 4).  Debtor enlarged the personal guaranty section of the Application (Debtor 5).  Upon close review of his alleged signature on this form, it is clear that there is additional wording above and to the left of his signature and that a top portion of his signature is missing.  The additional wording does not appear to be connected to the other wording close to the signature.

Debtor also submitted the copy of the Business Credit Application he received from the bank (Debtor 6).  The personal guaranty section is not signed.  It appears that the signature on this document was used to add Debtor's signature to the Bank's Application.  It is signed on the "please print" line and the signature line is blank.  The portion of Debtor's signature that is missing on Debtor 4 is the portion which covers the wording above the signature on Debtor 6.

Other differences between Debtor 4 and Debtor 6 are
1)   the term "authorized signature" has been added to Debtor 4 and does not appear on Debtor 6;
2)   the signature lines are not uniform in length and width on Debtor 4 as they are on Debtor 6.

Creditors' witness testified that the original documents have been destroyed.  He also testified that he has no personal knowledge of this transaction nor was he present when Debtor signed the documents or spoke with the bank's representative.  He also stated that there is no

written fee agreement between the creditor and their attorney.

B.   ARGUMENTS

   1.   Is Debtor personally liable for this loan?

   2.   If Debtor is liable for this debt, is the amount claimed correct.

C.   SHORT ANSWER

   No.

D.   LEGAL ARGUMENT

When a proof of claim is filed, it is deemed allowed unless a party of interest files an objection (11 U.S.C. §502(a). The proof of claim constitutes prima facie evidence of the validity and amount of the claim (Fed. R. Bankr.P 3001(f)). The proof of claim that complies with the rules of court serves as both a pleading and trial evidence (*In Re Henry, 546 B.R. 633 (2016)*).

The objector than has the burden to contest the validity or amount of the claim. The objector's evidence, if believed, must refute at least one of the allegations that is essential to the claims's legal sufficiency *(In Re Henry)*.

If the Objector meets is burden, than the burden of proof is with the claimant. Once the objector has presented evidence, the claimant m*ay than need to of*fer additional evidence to carry its burden of persuasion (*In Re Henry*).

In this matter, Debtor has met its burden by showing that

the personal guaranty section of the Business Credit Application used by claimant in their civil complaint and proof of claim (Debtor 4) was not signed by Debtor but his signature was placed there by the bank.  Debtor's testimony that he informed the bank that he did not want to personally guaranty the loan and that he did not sign the personal guaranty was not refuted by the claimant.  The claimant's witness testified that he had no personal knowledge of this transaction.

Is for the amount of the claim, there is no proof as to the attorney fees.  There is no time statements attached to the proof of claim nor were any submitted at trial.

Claimant's witness testified that their was no written fee agreement between the parties.  Rule 1.5 of the Pennsylvania Rules of Professional Conduct states that a fee agreement, in writing, is needed unless the lawyer regularly represents the client.  There was no testimony concerning the relationship and amount of business between claimant and their lawyer.

E.   CONCLUSION

Debtor has met his burden objection to this proof of claim.  Debtor has proved that he informed the bank he did not want to personally guaranty this loan, that he did not sign the personal guaranty section of the Business Credit Application and that his signature was placed on the form, without his permission, by the bank.  The claimant has no

personal knowledge of this matter and the original papers have been destroyed.  Also, as for the amount of the claim, if the judge decides debtor owes this debt, the attorney fee is not reasonable nor is there a written fee agreement or time records in this matter.  In addition, interest should not be charged from the date of the filing this bankruptcy petition. Debtor's Objection should be granted and the claim disallowed or, in the alternative, the attorney fee and additional interest removed from the amount due.

                                      Respectfully submitted,

                                      s/s Kenneth G. Harrison
                                      Kenneth G. Harrison, Esquire
                                      Attorney for Debtor
                                      Finny George