United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-17927-elf
Finny George                                                              Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Lisa            Page 1 of 1            Date Rcvd: Jan 13, 2020
                         Form ID: pdf900       Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 15, 2020.
db         +Finny George,   2124 Welsh Road,   Philadelphia, PA 19115-4901
cr         +Origen Capital Investments II, LLC,   c/o Robert J. Murtaugh, Esq.,   Chartwell Law,
              970 Rittenhouse Rd., Suite 300,   Eagleville, PA 19403-2265
cr         +THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO,   NewRez LLC DBA Shellpoint Mortgage Servi,
              PO BOX 10826,   PO BOX 10826,   GREENVILLE, SC 29603-0826
cr         +THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO,   c/o Shellpoint Mortgage Servicing,
              PO BOX 10826,   GREENVILLE, SC 29603-0826

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr         +E-mail/PDF: gecsedi@recoverycorp.com Jan 14 2020 09:40:57      Synchrony Bank,
              c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                            TOTAL: 1

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 15, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 13, 2020 at the address(es) listed below:
    KENNETH G. HARRISON    on behalf of Debtor Finny  George kghesq@juno.com
    REBECCA ANN SOLARZ    on behalf of Creditor    THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE et al... bkgroup@kmllawgroup.com
    ROBERT J. MURTAUGH    on behalf of Creditor    Origen Capital Investments II, LLC rmurtaugh@chartwelllaw.com
    United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
    WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com
    WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                            TOTAL: 6

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : Chapter 13 |
| | : |
| **FINNY GEORGE,** | : |
| | : |
| Debtor | : |
| | : Bky. No. 18-17927 ELF |

# O R D E R

**AND NOW**, upon consideration of the Debtor's Objection to Proof of Claim No. 2 (Doc. # 16) and the response thereto filed by Claimant, Origen Capital Investments II, LLC, and after hearings held on August 14, 2019 and October 18, 2019, and for the reasons stated below, it is hereby **ORDERED** that the Objection is **SUSTAINED** and Claim No. 2 is **DISALLOWED**.*

Dated:  January 13, 2020

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

1

# *END NOTE

       The procedural history of this objection is well known to the parties and will not be repeated here.

       To state the background briefly, Origen Capital Investments II, LLC ("Origen") filed a general unsecured proof of claim in the Debtor's bankruptcy case for $50,529.18. The exhibits submitted by the Debtor in connection with his objection demonstrate—and the parties both agree—that the loan underlying Origen's claim was made by Citizens Bank to Sheena Studios, Inc. (a corporation that is no longer operating a business). The Debtor signed the loan authorization agreement ("the Loan Agreement") (Debtor's Exhibit 4) as the president of Sheena Studios, Inc., and an additional signature of the Debtor appears a couple inches below in the personal guaranty portion of the Loan Agreement. The Debtor contends that he did not sign the personal guaranty portion of this Loan Agreement, which, if correct, would defeat the basis for Origen's claim against the Debtor in his personal capacity.

       Bankruptcy courts employ a burden-shifting framework for claims objections. A properly filed proof of claim is prima facie valid. Fed. R. Bankr. P. 3001(f). If a claim is facially valid, the objector must bring forward evidence that undercuts at least one necessary element of the claim. In re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3d Cir. 1992). If the objector presents such "bubble-bursting" evidence, then both parties may present further evidence. The ultimate burden of proof rests on the claimant asserting a right to be paid from the bankruptcy estate. See, e.g., In re Whitfield, 578 B.R. 273, 278 & n.5 (Bankr. E.D. Pa. 2017).

       Upon examination of the evidence submitted in this matter, I find, by a preponderance of the evidence that the Debtor did not sign the personal guaranty portion of the Loan Agreement. Rather, it is more likely than not that the Debtor's signature in the personal guaranty portion was copied and pasted into the Loan Agreement from another loan agreement ("the Second Loan Agreement") (Debtor's Exhibit 6) that the Debtor had signed and submitted to Citizens Bank.

       A number of irregularities in the Loan Agreement itself support a finding that the Debtor's signature on the personal guaranty portion represents a rough "copy and paste" insertion rather than his signature. The first letter of the Debtor's personal guarantee signature, the cursive "F", is cut off at the top portion in a straight horizontal line. Above the signature, at the same horizontal level where the "F" is cut off, there is a line of markings that appears to be the lower remnants of foreign text. These markings have a wavy yet distinct upper boundary that flares up on the left side, as if a pair of scissors were used to cut though a line of text. These markings, and the line upon which the personal guaranty signature is located, extend slightly past the left-side margin of the rest of the document's text. The spacing between the bottom of the signature line and the next line appears to be slightly smaller than the spacing between the remainder of the lines in that section. And lastly, an "Authorized Signer" label is oddly located below the Debtor's signature. This line label appears to be of foreign origin because (1) that line also has a "Guarantor's Signature" label on its right side, (2) the "Authorized Signer" label significantly occludes the space where the signature is supposed to be placed, and (3) the form's two other spaces for additional guarantor signatures do not have an "Authorized Signer" label.

       Viewing these irregularities together, I find that the Loan Agreement evidences deliberate alteration to add the Debtor's signature to the personal guaranty section. It appears that someone took a signature of the Debtor from another document, cut it out imperfectly, taped it into the space where the Debtor's signature would have appeared in the personal guaranty section of the Loan Agreement, and then copied the altered Loan Agreement to create a document that showed the Debtor personally guarantying the loan to his business entity. Origen introduced no evidence that would explain the strange appearance of the Debtor's personal guaranty signature.

This conclusion is buttressed by the fact that the Second Loan Agreement appears to be the source of the inserted signature.

The top signature of the Second Loan Agreement, where the Debtor signed as the president of Sheena Studios, appears—from a lay perspective—to be identical to the Debtor's signature in the personal guaranty portion of the Loan Agreement. The cursive "F" in the Second Loan Agreement's signature extends into the text above it at the same height at which the cursive "F" in the Loan Agreement is cut off. The text above the Second Loan Agreement's signature is visually similar to the partial markings above the signature in the Loan Agreement, with both appearing to start with the word "as". The spatial contours of the two signatures also appear identical. In particular, the five points at which the two signatures intersect the signature line are, using rough measurement techniques, identically spaced apart from one another. I also note that these signatures are appreciably different from two other signatures of the Debtor that are present on these loan agreements. Finally, the top signature on the Second Loan Agreement has "Authorized Signer" printed below the signature line, which also appears below the line where the Debtor's signature is located on personal guaranty portion of the Loan Agreement.

In sum, all the irregularities noted in the Debtor's Loan Agreement personal guaranty signature are explained by the theory that his first signature from the Second Loan Agreement was copied and pasted into the Loan Agreement. In drawing this conclusion, I cast no aspersions on Origen. There is nothing in the record that identifies the source of the alteration of the document and this is an account that was originated elsewhere and assigned to Origen.

For these reasons, the Debtor's Objection to Origen's proof of claim will be sustained.